UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-61415-CIV-SINGHAL

DENA ISAACSON,

    Plaintiff,

vs.

ZOBA GROUP LLC, et al.,

    Defendants.
_____/

# ORDER

**THIS CASE** is about a 92-year-old disabled woman who complains that a restaurant she frequents violates the Americans with Disabilities Act by, among other things, improperly locating the toilet-paper dispenser in the men's restroom. But because the Defendant Zoba Group LLC has not appeared or responded, Isaacson will not have to explain to a jury how she was injured by the toilet-paper dispensers in the men's restroom. Instead, Isaacson has moved for an order of default final judgment. (DE [29]). For the following reasons, we grant final judgment for Isaacson.

I.    BACKGROUND

Plaintiff served Defendant on July 23, 2025 (DE [7]), but Defendant never responded. On August 27, 2025, Plaintiff moved for the Clerk of Court to enter default judgment against Defendant (DE [14]), which the Clerk did (DE [15]). On August 28, 2025, this Court ordered Plaintiff, if there were multiple defendants (which there were at the time) to file a Notice of Joint and Several Liability. (DE [16]). Plaintiff did so on September 26, 2025 (DE [23]). Shortly thereafter, Plaintiff settled with the other

defendant and filed a Verified Motion for Default Final Judgment (the "Motion") (DE [29]) on November 5, 2025.

## II. LEGAL STANDARDS

Courts are authorized to enter a default judgment against a defendant who fails to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). Upon entry of a default, the defendant admits the plaintiff's well-pleaded allegations of fact. *Lary v. Trinity Physician Financial & Ins. Services,* 780 F.3d 1101, 1106 (11th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975)).

"A defendant's default alone does not warrant the entry of a default judgment." *Id.* (citing *Nishimatsu*, 515 F.2d at 1206 ("[A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.")). "Entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (quotation omitted). A default judgment may only be entered where the complaint is sufficient to withstand a motion to dismiss. *Id.* "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." *Id.*

Further, the court may not enter a judgment of default awarding cash damages without a hearing "unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Anheuser Busch, Inc. v. Philpot,* 317 F.3d 1264, 1266 (11th Cir. 2003) (quoting *Adolph Coors Co. v. Movement Against Racism and the Klan,* 777 F.2d 1538, 1543-44 (11th Cir. 1985)); Fed. R. Civ. P. 55(b)(2).

## III. DISCUSSION

A. <u>Factual Findings</u>

The Complaint alleges the following facts which are deemed admitted by Defendant's default:

1. Plaintiff is a 92-year-old disabled woman. (DE [1] ¶ 4).

2. Zoba Group LLC is a Florida limited liability company that owns and operates the restaurant Las Orquideas. *Id.* at ¶ 8.

3. Plaintiff visited Las Orquideas, but she was hindered by physical barriers on the premises. *Id.* at ¶ 11, 28. These barriers impeded her enjoyment of the restaurant. *Id.* at ¶ 13, 28.

4. Plaintiff has specified how the facilities at Las Orquideas have violated the Americans with Disabilities Act of 1990 ("ADA") and its enacting regulations, including the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (the "ADAAG"). *Id.* at ¶ 15-18, 27.

5. Plaintiff intends to visit Las Orquideas again. *Id.* at ¶ 12.

B. <u>Legal Conclusions</u>

The ADA prohibits places of public accommodation (including restaurants)[1] from imposing obstacles or limits that "screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations." *Rendon v. Valleycrest Prods., Ltd.*, 294 F.3d 1279, 1282 (11th Cir. 2002) (quoting 42 U.S.C. § 12182(b)(2)(A)(i)). Such obstacles or limitations include "physical and architectural

---

[1] *See* 42 U.S.C. § 12181(7)(B).

barriers that would prevent a disabled person from entering an accommodation's facilities and accessing its goods, services and privileges." *Id.* at 1283.

To succeed on a claim under the ADA, "Plaintiffs must allege that they suffer from disabilities, and that Defendants' imposition or application of unnecessary eligibility criteria has screened them out or tended to screen them out from accessing a privilege or advantage of Defendants' public accommodation." *Id. See also Houston v. Marod Supermarkets, Inc.,* 733 F.3d 1323, 1336-37 (11th Cir. 2013) (describing ADA standing). Under the ADA, a successful plaintiff is entitled to injunctive relief—the remediation of the noncompliant facilities, 42 U.S.C. § 12188(a)(2); *Norkunas v. Seahorse NB, LLC*, 444 F. App'x 412, 416 (11th Cir. 2011)—and attorneys' fees.  42 U.S.C. § 12205; *Ass'n of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006).

Applying this legal standard to the alleged facts at hand, Isaacson has pled facts sufficient to find that she is entitled to relief against Defendant Zoba Group LLC.  Isaacson has pled that she is disabled and that she has visited Las Orquideas.  (DE [1] ¶ 4, 11). She has enumerated the specific ways that Las Orquideas violates the ADA, and she has alleged that Zoba Group LLC's failure to comply with the ADA has impeded her enjoyment of and access to Las Orquideas.  *See* ¶ 11-18, 27-28.  She also intends to return to Las Orquideas. *Id.* at ¶ 12.  Under these facts, Isaacson has pled sufficient facts to support her claim.  *See, e.g.*, *Houston,* 733 F.3d at 1336-37; *Rendon*, 294 F.3d at 1283.  Isaacson is entitled to default judgment.

Regarding the scope of the judgment, this Court cannot award all the injunctive relief that Isaacson seeks.  Isaacson requests an injunction requiring Zoba Group LLC to remedy the deficiencies in the entrance, seating areas, and men's and women's

restrooms. But Isaacson has not alleged that she has any reason to enter the men's restroom. The same principle that requires a plaintiff to allege intent to return to a restaurant to sue under the ADA also requires that the plaintiff allege intent to use the deficient feature at the restaurant. *See Houston,* 733 F.3d at 1340. Isaacson's intent to use the entrance, seating areas, and women's restroom are plain on their face. Those are all facilities that a woman would need and enjoy when dining at a restaurant. But the Court is puzzled as to why Ms. Isaacson would need to use the urinal in the men's restroom. (DE [1] at ¶ 27 xix). Since Isaacson does not plead facts indicating that she would use the men's restroom, she lacks standing to challenge those alleged violations.

Regarding attorney's fees, Issacson's counsel, as counsel for the prevailing party, is entitled to a reasonable fee. 42 U.S.C. § 12205. What her counsel requests is precisely that. The hourly rate and the hours worked are quite reasonable for the result achieved. *See* (DE [29-4]). Since attorney fees can be accounted via "mathematical calculation," we can award the fees in a final default judgment. *See Anheuser Busch,* 317 F.3d at 1266.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion (DE [29]) is **GRANTED** against Defendant Zoba Group LLC. A Final Default Judgment will be entered by separate order. The Clerk of Court shall **CLOSE** this case for administrative purposes only. Any pending motions are **DENIED AS MOOT** and all deadlines are **CANCELLED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 28th day of November 2025.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF